UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  12-CR-6053-EFS-8 |
| Plaintiff, | |
| v. | **ORDER DENYING 28 U.S.C. § 2255 MOTION** |
| EUSEBIO ALVAREZ MALAGA (8), | |
| Defendant. | |

Before the Court, without oral argument, is Defendant/Movant Eusebio Alvarez Malaga's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1089, filed October 10, 2014.  Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion.

## I.   BACKGROUND

Mr. Alvarez Malaga was charged with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count 1), using a minor to possess with the intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 2), and knowingly attempting to possess with the intent to distribute 50 grams or more of actual methamphetamine (Count 3).  Superseding

ORDER - 1

Indictment, ECF No. 329.  With the assistance of his counsel William

Schuler a Plea Agreement was reached between Mr. Alvarez Malaga and

the United States Attorney's Office (USAO).  Mr. Alvarez Malaga agreed

to plead guilty to Count 1.  Plea Agreement, ECF No. 745.  The USAO

agreed to dismiss the remaining charges and to recommend that Mr.

Alvarez Malaga be sentenced to the low end of the applicable

Sentencing Guideline range.  *Id.*  The Court accepted Mr. Alvarez

Malaga's guilty plea as knowing, intelligent, and voluntary, not

induced by fear, coercion, or ignorance.  Change of Plea Hearing

Transcript, ECF No. 1111, at 66.

Mr. Alvarez Malaga initially faced a Sentencing Guideline range

of 235 to 293 months, but after he timely accepted responsibility and

met the criteria in section 5C1.2 of the Guidelines, he received a

five-level reduction in offense level, which resulted in a Guideline

range of 135 to 168 months.  Presentence Investigation Report, ECF No.

873, at 13-14.  On November 19, 2013, Mr. Alvarez Malaga was sentenced

to 120 months imprisonment and five years of supervised release.

Judgment, ECF No. 898.  Mr. Alvarez Malaga did not appeal his

sentence.

## II.   MOTION UNDER SECTION 2255

Mr. Alvarez Malaga filed a section 2255 motion on October 10,

2014.  ECF No. 1089.  He moved the Court to correct his sentence on

three grounds:

GROUND ONE: Defense counsel refused to file a notice of appeal,

contrary to Mr. Alvarez Malaga's explicit instructions.

GROUND TWO: Defense counsel failed to conduct a reasonably adequate investigation before advising Mr. Alvarez Malaga to plead guilty and failed to "make various objections based on a decision that was subsequently, overruled." ECF No. 1089, at 6.

GROUND THREE: Defense counsel permitted an excessive sentence to be imposed without objection or attempt at mitigation under the United States Sentencing Guidelines.

The Court previously dismissed Grounds One and Three[1] and ordered the USAO to respond to Ground Two. ECF No. 1091. The USAO responded to and opposed Mr. Alvarez Malaga's motion on January 23, 2015. ECF No. 1111. The USAO argues that defense counsel's representation was within a reasonable standard of conduct and that Mr. Alvarez Malaga was not prejudiced by any alleged deficiency.

**A.    Applicable Law**

Section 2255 provides the following:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to . . . correct the sentence.

. . . [T]he court shall . . . determine the issues and make findings of fact and conclusions of law with respect to [the motion]. If the court finds . . . that there has been such a denial or infringement of the constitutional rights

---

[1] In the Court's prior order, it incorrectly stated that Mr. Alvarez Malaga received the lowest sentence the Court was permitted to impose. ECF No. 1091, at 4. Because Mr. Alvarez Malaga had met the requirements of section 5C1.2, the Court was permitted to impose a sentence below the mandatory minimum of 120 months. However, after considering the guideline range and the 18 U.S.C. § 3553 factors, the Court imposed a 120-month sentence. The Court's misstatement does not affect its conclusion that the sentence was plainly not excessive and that defense counsel was plainly not ineffective by permitting an excessive sentence to be imposed without objection or attempt at mitigation. As explained above in Section I, the 120-month sentence was the result of defense counsel's successful attempts at mitigation.

of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall . . . correct the sentence as may appear appropriate.

28 U.S.C. § 2255. Rule 8(a) of the Rules Governing Section 2255 Proceedings provides that upon receiving Mr. Alvarez Malaga's motion and the USAO's response the Court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates." A hearing is required if the defendant's allegations require the court to look at facts outside the files and records. *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

**B.    Discussion**

Mr. Alvarez Malaga asserts that he received ineffective assistance of counsel because his attorney failed to conduct a reasonably adequate investigation before advising him to plead guilty and also failed to make objections based on a decision that was subsequently overruled. The right to effective assistance of counsel in criminal proceedings is bestowed by the Sixth Amendment. This right is violated when (1) counsel's performance falls below an objective standard of reasonableness and (2) the defendant is prejudiced by such deficiency. *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The reviewing court is highly deferential to counsel's chosen performance and considers counsel's decisions in the context of counsel's perspective at the time, rather than through "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690.    Mr. Alvarez Malaga argues that Mr. Schuler's performance was ineffective because he did not conduct a reasonably adequate investigation.    He does not provide specific facts to indicate how Mr. Schuler's investigation was inadequate, nor does he suggest what additional investigation would have uncovered that could have affected his decision to plead guilty or the Court's sentencing analysis.    Likewise, he does not indicate which "decision that was subsequently overruled" should have served as the basis for objections by Mr. Schuler.[2]

The Court's review of the record has not revealed any acts or omissions of defense counsel that fall outside the "reasonable professional judgment" standard.    Instead, the Court finds that Mr. Schuler provided more than adequate representation under the circumstances of this particular case.    It is "well within the range of reasonable competence" to advise a defendant to plead guilty early in the proceedings when the evidence against the defendant is "already overwhelming," "time [is] of the essence for locking the government into a plea agreement," and an early plea agreement will allow the defendant to cooperate with the government in an effort to mitigate his sentence.    *United States v. Campa*, 61 F.3d 912, at *3 (9th Cir. 1995) (unpublished).    Here, Mr. Schuler joined his client in all pre-

---

[2] The Court notes that if the decision was overruled subsequent to imposition of Mr. Alvarez Malaga's sentence, Mr. Schuler's decision not to object on that basis cannot be considered deficient when viewed "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

trial motions, including the extensively litigated motions to suppress. He ensured that his client would qualify for sentencing reductions and presented mitigating factors to the Court at sentencing. Mr. Alvarez Malaga has not articulated what more Mr. Schuler should have done, and he fails to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Additionally, Mr. Alvarez Malaga has not shown that he was prejudiced by his counsel's alleged deficiencies. "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Court must consider whether the potentially exculpatory evidence or possible affirmative defense that counsel allegedly failed to discover would have likely changed the outcome of a trial and thus counsel's recommendation that his client plead guilty. *Id*. Here, Mr. Alvarez Malaga has not pointed to—and the Court has not discovered–any potentially exculpatory evidence or possible affirmative defenses of which Mr. Schuler was not aware. The evidence against Mr. Alvarez Malaga included intercepted phone conversations, law enforcement surveillance, evidence from a GPS tracker, and the fact that he was arrested while driving a vehicle with 34 pounds of methamphetamine in a secret compartment. The Court finds that there is no information suggesting that further investigation would have had any impact on the overwhelming evidence against Mr. Alvarez Malaga.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Mr. Alvarez Malaga's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, on the basis of ineffective assistance of counsel, **ECF No. 1089**, is **DENIED**.

2.  The Clerk's Office is directed to **CLOSE** this file and the related civil file, 4:14-CV-5108-EFS.

3.  The Court **DECLINES** to issue a certificate of appealability because Mr. Alvarez Malaga has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel and to Mr. Alvarez Malaga.

**DATED** this  3rd  day of February 2015.


                        s/Edward F. Shea
                        EDWARD F. SHEA
                Senior United States District Judge